# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CEDAR RAPIDS DIVISION

ROSSI BYRON LUNDY, JR,

     Plaintiff,

vs.

TRACY JOHNSON, *et al.*,

     Defendants.

No. C24-0038-LTS-KEM

**MEMORANDUM
OPINION AND ORDER**

---

This matter is before me on plaintiff Rossi Byron Lundy, Jr.'s pro se motion (Doc. 2) to proceed in forma pauperis and pro se 42 U.S.C. § 1983 complaint (Doc. 1).[1] Lundy alleges he was maliciously prosecuted, falsely imprisoned and illegally searched and seized.

## I.    *MOTION TO PROCEED IN FORMA PAUPERIS*

At the time he filed his complaint, Lundy was incarcerated at the Fort Dodge Correctional Facility in Fort Dodge, Iowa. However, a review of state court records indicates that he is now incarcerated at Mount Pleasant Correctional Facility in Mount Pleasant, Iowa.[2] Lundy did not submit the statutory filing fee. *See* 28 U.S.C. § 1914(a) (requiring filing fee). In order for a court to authorize the commencement of an action without the prepayment of the filing fee, a person must submit an affidavit that includes

---

[1] Lundy originally filed his complaint in the Southern District of Iowa, which transferred the case to this district because the events giving rise to Lundy's claims and all of the defendants are in this district. Doc. 3.

[2] Lundy failed to notify the court of an address change pursuant to Local Rule 3(c). Regardless, I take notice of the fact that Lundy has been transferred to a different institution. The Clerk's office is **directed** to update his address on the docket to Mount Pleasant Correctional Facility.

a statement of all the assets the person possesses. *See* 28 U.S.C. § 1915(a)(1). In addition, a prisoner must submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint, obtained from the appropriate official of each prison at which the prisoner was or is confined. *See* 28 U.S.C. § 1915(a)(2). Lundy has submitted documents (Doc. 2) that substantially comply with the requirements set out above, including filing a prison trust fund account statement. Because it is clear that he does not have the assets necessary to pay the filing fee, his motion to proceed in forma pauperis is granted.

Even when the court deems it appropriate to grant a prisoner-plaintiff in forma pauperis status, that plaintiff is required to pay the full $350.00 filing fee by making payments on an installment basis. 28 U.S.C. § 1915(b)(1); *see also In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997) ("[T]he [Prisoner Litigation Reform Act] makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."). The full filing fee will be collected even if the court dismisses the case because it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Lundy must pay an initial partial filing fee in the amount of 20 percent of the greater of his average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Based on the documents that Lundy submitted, I find that the initial partial filing fee is $16.13. *See* Doc. 2 at 3. Lundy shall submit $16.13 by no later than 30 days from the date of this order. If necessary, Lundy may request in a written motion an extension of time to pay the initial partial filing fee.

In addition to the initial partial filing fee, a prisoner-plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's

institution to collect the additional monthly payments and forward them to the court. Specifically:

> [a]fter payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). After Lundy pays in full the initial partial filing fee discussed above, the remaining installments shall be collected by the institution having custody of him. The Clerk's office shall send a copy of this order and the notice of collection of filing fees to the appropriate official at the place where Lundy is an inmate.

## II.     INITIAL REVIEW STANDARD

A pro se complaint must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Smith v. St. Bernards Reg'l Med. Ctr.*, 19 F.3d 1254, 1255 (8th Cir. 1994); see *also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the Court may dismiss an in forma pauperis complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant that is immune from a monetary judgment. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A(b)(1) (requiring the Court to do an initial review of prisoner complaints).

In reviewing a prisoner or in forma pauperis complaint, unless the facts alleged are clearly baseless, they must be weighed in favor of the plaintiff. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Pro se complaints, however, must allege sufficient facts to support the plaintiff's claim. *Stone*, 364 F.3d at 914. A claim is "frivolous" if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Cokeley v. Endell*, 27 F.3d 331, 332 (8th Cir. 1994). In determining whether a complaint fails to state a claim pursuant to § 1915(e)(2), courts

3

generally rely on the standards articulated pursuant to Fed. R. Civ. P. 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Atkinson v. Bohn*, 91 F.3d 1127, 1128–29 (8th Cir. 1996) (applying Rule 12(b)(6) standard to a dismissal under 28 U.S.C. § 1915(e)(2). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pursuant to § 1915(e)(2), a court may review the complaint and dismiss sua sponte those claims that fail "to raise a right to relief above the speculative level," *id.* at 555, or that are premised on meritless legal theories or clearly lack any factual basis, *see Neitzke*, 490 U.S. at 325.

### III. INITIAL REVIEW ANALYSIS

### A. § 1983 Standard

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). However, 42 U.S.C. § 1983 provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "One cannot go into court and claim a 'violation of [42 U.S.C.] § 1983' — for [42 U.S.C.] § 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271 (§ 1983 "merely provides a method for vindicating federal rights elsewhere

4

conferred."); *Graham*, 490 U.S. at 393-94 (same); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980) ("Constitution and laws" means 42 U.S.C. § 1983 provides remedies for violations of rights created by federal statute, as well as those created by the Constitution.). To state a claim under § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States and (2) the alleged deprivation of that right was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B.  *Discussion*

Lundy asserts that the defendants violated his rights through malicious prosecution, false imprisonment and an illegal search and seizure and then lists the Fourth, Sixth, Eighth and Fourteenth Amendments. Doc. 1 at 3. He sued investigators Tracy Johnson and Brian Fink of the Cedar Rapids Police Department and prosecutor Michael Harris in their official capacities only. *Id.* at 2-3. He sued Officer Steve Warner of the Sixth Judicial District in both his individual and official capacities. *Id.* at 2. Lundy asserts that the events giving rise to his claims arose on October 25, 2022, when Warner arrested him. *Id.* at 4. Lundy used the standard § 1983 form but does not state what injuries he sustained or what relief he seeks. *Id.* at 5. Nor did he use the form to provide the factual allegations underlying his claims. *Id.*

Lundy states that he has filed a lawsuit in state court dealing with the same facts involved in this case, listing both *Lundy v. Taco Bell, et al.*, 06571 LACV 103184 (Linn Cnty., Iowa) and *State v. Lundy*, 06571 FECR 147792 (Linn Cnty., Iowa). Doc. 1 at 9. He asserts that the cases are still pending and potentially on appeal. *Id.* Public records reveal that in *State v. Lundy*, Lundy pleaded guilty on July 13, 2023, to sexual abuse in the second degree and kidnapping in the first degree – intentionally subject to torture or

5

sexual abuse.[3] Lundy's conviction and sentence were affirmed on appeal, and procedendo issued on January 29, 2024.

The other case Lundy cites, *Lundy v. Taco Bell, et al.*, was dismissed without prejudice on January 17, 2024. Lundy did not appeal. He attaches pleadings in *Taco Bell* to the complaint in this case, including two cover sheets indicating the nature of the case was either malicious prosecution or an employment-related claim. Doc. 1 at 13-14. Also included are several handwritten pages that makes a series of apparently unrelated and unintelligible allegations, including that Warner claimed to have retrieved firearms from Lundy, witness tampering, using "scare tactics," Johnson did not read him his *Miranda* rights properly and made false statements, Harris tampered with witnesses and racially profiled him, there was an illegal search that resulted in his charges of being a felon in possession of a firearm, he was terminated from his job at Taco Bell, his manager at Taco Bell and another prosecutor told him he could not file charges against his former employer who sexually assaulted him. *Id.* at 15-20. In addition, Lundy attaches a separate § 1983 form, in which he names nine additional defendants and lists three additional plaintiffs by their initials. Doc. 1 at 28-29. He again fails to provide the factual allegations underlying his claims, leaving the "Statement of Claim" section blank. He requests to "withdraw from the 10 year plea deal from FECR147792" and to have the case dismissed, as well as damages. *Id.* at 30.

At the outset, to the extent Lundy is suing the Cedar Rapids Police Department, it is not a proper defendant. Section 1983 specifically provides for a federal cause of action against a "person" who, under color of state law, violates another's federal rights. In *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989), the Supreme Court held that a State is not a person within the meaning of § 1983. *Id.* at 63; see *also Owens v.*

---

[3] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp . *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

6

*Scott Cty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003) ( "county jails are not legal entities amenable to suit"); *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) ("departments or subdivisions" of local government are not "juridical entities suable as such"); *and De La Garza v. Kandiyohi Cty. Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they were not suable entities). The Cedar Rapids Police Department is not an appropriate § 1983 defendant and will be dismissed.

In addition, Lundy sues defendants Johnson, Harris and Fink solely in their official capacities. A suit against a public official in his official capacity is actually a suit against the entity for which the public official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006). To impose § 1983 liability on a local government body, a plaintiff must show that an official policy or widespread practice caused a deprivation of a constitutional right. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *see also Clay v. Morgan*, 79 F. App'x. 940, 941 (8th Cir. 2003) (affirming summary judgment for defendant because the plaintiff provided no evidence of "any policies or customs concerning the delay or denial of treatment to inmates with diseases like MS"). Lundy alleges neither an official policy nor widespread practice. Because his official capacity claims must be dismissed for failure to state a cognizable claim, Johnson, Harris and Fink must also be dismissed.

Next, Lundy has failed to provide a statement of facts clearly explaining how each defendant violated his rights and showing he is entitled to relief. A pro se litigant "is not excused from complying with procedural rules, including Federal Rule of Civil Procedure 8, which requires a short and plain statement showing the pleader is entitled to relief, and that each allegation in the pleading be simple, concise, and direct." *Cody v. Loen*, 468 F. App'x 644, 645 (8th Cir. 2012) (unpublished per curiam) (citation omitted). Lundy's various allegations against defendants fail to satisfy the requirements of Rule 8(a). The court "will not mine a lengthy complaint, searching for nuggets that might refute obvious pleading deficiencies." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404-05 (8th Cir. 2017);

7

*see also Murillo v. Kittelson,* No. 8:19CV571, 2020 WL 3250231, at *3 (D. Neb. June 16, 2020) ("While we are certainly sympathetic to the challenges pro se plaintiffs may face in filing a lawsuit on their own, it is not our job, in an effort to ferret out the adequacy of a plaintiff's pleaded allegations, to haphazardly mine documents appended to a complaint."; "the complaint must be sufficiently clear so the court or the opposing party is not required to keep sifting through it in search of what it is the plaintiff asserts")(quotations omitted).

Lundy provides no factual allegations in his § 1983 standard form. A reasonable attempt to review Lundy's additional filings does not reveal a cognizable claim. It is unclear whether he is challenging his prosecution of a firearm offense[4] because he makes an unintelligible reference to a search and firearms, or whether he is challenging his sexual abuse and kidnapping conviction. To the extent he does provide any factual allegations underlying his claims, they are conclusory and vague. For example, the attached state filings assert that defendants made false statements and tampered with witnesses but provides no explanation whatsoever as to what statements or witnesses or how statements were false or what tampering occurred. Such conclusory allegations fail to state a cognizable claim. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"); *see also Porter v. Corr. Case Manager*, No. 4:20-CV-01034, 2021 WL 243563, at *9 (E.D. Mo. Jan. 25, 2021) (dismissing complaint alleging defendant gave plaintiff false conduct violations because "plaintiff has not provided a single fact to support his proposition that the conduct violations were false. Instead, he presents the falsity as a conclusion, which the Court is not required to accept as true."). Based on his failure to state a claim, this case must be dismissed.

---

[4] On September 2, 2022, Lundy was convicted of dominion/control of a firearm by a felon and a probation violation. *State v. Lundy*, 05011 FECR 074062 (Adair Cnty., Iowa).

8

In addition, even if the complaint had been sufficiently pled, Lundy's claims would also likely be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994), which holds that a plaintiff cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." *Id.* at 483. All of his claims imply the invalidity of a conviction, and Lundy has not shown that any conviction has been reversed or set aside. Lundy appears to be challenging either his firearm or sexual abuse/kidnapping convictions, and although his § 1983 standard form does not specify what relief he seeks he does otherwise reference the dismissal of his charges. Moreover, his claims of malicious prosecution and false imprisonment necessarily call into question the validity of his conviction. *See, e.g., Williams v. Schario,* 93 F.3d 527, 529 (8th Cir. 1996) (per curiam) (false testimony and malicious prosecution claims are *Heck*-barred where they necessarily imply invalidity of conviction or sentence).

*Heck* does not categorically bar a Fourth Amendment claim. A damages action for an illegal search "would not necessarily imply" the invalidity of a conviction because of doctrines like independent source, inevitable discovery, and harmless error. 512 U.S. at 487, n.7; *see also Moore v. Sims*, 200 F.3d 1170 (8th Cir. 2000); *Simmons v. O'Brien*, 77 F.3d 1093, 1095 (8th Cir. 1996). While Lundy's Fourth Amendment claim may not be a direct challenge to his conviction, he seems to be challenging the legality of a search. If he were to succeed on that challenge, his conviction could not stand. *See Smith v. Menter,* No. CIV. 07-4546 JRT/AJB, 2008 WL 906178, at \*7–8 (D. Minn. Mar. 31, 2008) (holding claims *Heck* barred because "if the arrest, search and seizure at issue were found to be unconstitutional, then Plaintiff's concomitant criminal conviction would be unsustainable. Without the arrest, search and seizure, there would be no evidence to support the conviction."); *Whitehead v. Garrett,* No. 4:09CV483 CDP, 2012 WL 13703, at \*3 (E.D. Mo. Jan. 4, 2012) (finding all Fourth Amendment claims *Heck* barred because the claims necessarily call into question plaintiff's conviction for possession of and intent to distribute crack cocaine). As such, even if Lundy's allegations were sufficient to state

9

a claim, they would be dismissed without prejudice because they appear to be *Heck* barred.[5]

In addition, any claims related to his state conviction would likely be precluded by the *Rooker-Feldman* doctrine. "The *Rooker–Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments." *Ballinger v. Culotta*, 322 F.3d 546, 548 (8th Cir. 2003) (internal citations omitted); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp*, 544 U.S. 280, 283–84 (2005). Unless the related state court decision has been invalidated, the federal court cannot act as "super" appeals court.

> Other than the United States Supreme Court, federal courts are without jurisdiction to adjudicate claims which seek review of a state decision on the ground that the decision violated the federal constitutional rights of one of the parties.

*Owens v. Welch*, Civil No. 09-2011, 2009 WL 1203716, at *3 (W.D. Ark. 2009) (unpublished) (citations omitted). The Eighth Circuit has noted that "[a]n important consideration for a court confronted with the issue of whether *Rooker-Feldman* applies is to analyze 'the effect the requested federal relief would have on the state court judgment.' *See Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004)." *Webb as next friend of K. S. v. Smith*, 936 F.3d 808, 816 (8th Cir. 2019). Here, to the extent Lundy seeks the invalidation of a state conviction, that relief would be barred by the *Rooker-Feldman* doctrine.

For all of these reasons, Lundy's complaint must be dismissed.

---

[5] The dismissal of state court charges is not a form of relief available via a §1983 case. If Lundy seeks to challenge his state court confinement in federal court, he must do so within the strict confines of either a 28 U.S.C. § 2241 or 28 U.S.C. § 2254 petition.

10

## IV. CONCLUSION

For the reasons set forth herein:

1. Lundy's motion (Doc. 2) to proceed in forma pauperis is **granted**.

2. The Clerk's office shall consider the complaint (Doc. 1) docketed without the prepayment of fees.

3. Lundy is ordered to submit an initial partial filing fee of $16.13 by no later than 30 days from the date of this order. If necessary, he may request in a written motion an extension of time to pay the initial partial filing fee. Additionally, after he pays the initial partial filing fee, the institution having custody of him is directed to collect and remit monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the $350.00 filing fee is paid in full, plaintiff must pay and the institution having custody of him is directed to collect and remit monthly payments in the manner set forth in § 1915(b)(2). Until the $350.00 filing fee is paid in full, Lundy must pay and the institution having custody of him must forward 20 percent of the preceding month's income credited to his account each time the amount in the account exceeds $10.00.

4. The Clerk's office is directed to send a copy of this order and the notice of collection of the filing fees to the appropriate official at the place where Lundy is an inmate.

5. After an initial review, Lundy's complaint is dismissed because it fails to state a claim upon which relief may be granted. His claims are **denied** and the case is **dismissed**.

6. This dismissal could count as a strike under 28 U.S.C. § 1915(g). *See Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022) (noting that although a district court cannot prospectively find that a plaintiff has accrued one or more strikes under § 1915(g) the court may alert the plaintiff about potential consequences of future

11

litigation). [6]


        **IT IS SO ORDERED** this 20th day of July, 2026.


                          _____

                          Leonard T. Strand
                          United States District Judge

---

[6] Although I have observed that Lundy's claims are likely barred by *Heck*, *Rooker-Feldman* or *Younger*, this dismissal of this case is based on Lundy's failure to state a claim upon which relief may be granted. Thus, this dismissal could count as a strike under § 1915(g).

**TO: WARDEN/ADMINISTRATOR**
**Mount Pleasant Correctional Facility, Mount Pleasant, Iowa**

### NOTICE OF COLLECTION OF FILING FEE

You are hereby given notice that Rossi Byron Lundy, Jr, No. 6605513, an inmate at your facility, filed the following lawsuit in the United States District Court for the Northern District of Iowa: *Lundy v. Johnson, et al.,* Case No. C24-0038-LTS-KEM. The inmate was granted in forma pauperis status under Title 28, United States Code, Section 1915(b), which requires partial payments of the $350.00 filing fees. Based on the inmate's statements, the court has assessed an initial partial filing fee of $16.13, which the inmate must pay now to the Clerk of Court. *See* 28 U.S.C. § 1915(b)(1).

> After payment of the initial partial filing fee, the [inmate] shall be required to make monthly payments of 20 percent of the preceding month's income credited to [his] account. The agency having custody of the [inmate] shall forward payments from [his] account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, you must monitor the account and send payments to the Clerk of Court according to the system provided in 28 U.S.C. § 1915(b)(2), that is, after the inmate pays the initial partial filing fee of $16.13, you should begin making monthly payments of 20 percent of the preceding month's income credited to the inmate's account. Please make the appropriate arrangements to have these fees deducted and sent to the court as instructed. If the inmate has been relocated to a different institution, please forward this Order and Notice to the institution having custody of him. Any institution having custody of the above-named inmate shall collect and remit the filing fees as set forth above.

s/ *jlh*    Deputy Clerk

Paul De Young
U.S. District Court Clerk
Northern District of Iowa

13